UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOURNEWOOD HOSPITAL, )
)
    Plaintiff, ) C.A. No. 04-CV-10149-JLT
)
v. )
)
TOMMY G. THOMPSON, Secretary of )
the U.S. Department of Health )
and Human Services, )
)
    Defendant. )
_____ )

## DEFENDANT'S ANSWER

Defendant, the Secretary of the U.S. Department of Health and Human Services, by his undersigned counsel, hereby answers the complaint of plaintiff Bournewood Hospital as follows:

### General Denial

Defendant denies all allegations set forth in the complaint not otherwise admitted below, including all well-pleaded allegations contained in plaintiff's prayer for relief.

### Specific Denials and Responses

Answering the specific numbered paragraphs of plaintiff's complaint, defendant states as follows:

(1) With respect to paragraph 1, defendant denies that this is an action for judicial review of a final decision of the Centers for Medicare and Medicaid Services. Defendant admits the remaining allegations of this paragraph.

(2) Admitted.

(3) Denied.

(4-5) Admitted.

(6) With respect to paragraph 6, defendant admits that the Court has jurisdiction over this action pursuant to 42 U.S.C. § 1395oo(f)(1), and that the amount in controversy exceeds $50,000. Defendant denies the remaining allegations of this paragraph.

(7-9) Admitted.

(10) Defendant admits the first sentence of paragraph 10. With respect to the second sentence, defendant admits that, as a general matter, a hospital that is exempt from Medicare's prospective payment system is entitled to Part A reimbursement for services provided to Medicare beneficiaries on the basis of the lessor of its customary charges, or the reasonable costs of its services. 42 U.S.C. § 1395f(b). However, for such reimbursement to be available, the hospital's costs must be allowable, auditable, properly allocated to the Part A program, and otherwise in accord with program requirements. See generally 42 C.F.R. Parts 413 and 415. Defendant denies the remaining allegations of the second sentence.

(11) Defendant admits the first sentence of paragraph 11, but notes that Medicare beneficiaries are eligible for Part B benefits for medical and other health services under section 1395k, not section 1395d. Defendant admits the second and third sentences. With respect to the fourth sentence, defendant notes that Part B physician services are paid on a fee schedule basis, not a reasonable charge basis. 42 U.S.C. § 1395w-4; 42 C.F.R. § 415.102(a).

(12-13) Admitted.

(14) Defendant admits the first sentence of paragraph 14. Defendant denies the second sentence. Defendant admits the third and fourth sentences of paragraph 14.

(15) Admitted.

(16) The allegations of paragraph 16 constitute conclusions of law to which answers are not at this time required. Consequently, defendant neither admits nor denies the allegations of this paragraph.

(17) Defendant admits the allegations of paragraph 17, but notes that physician availability costs are reimbursable under Medicare Part A only to the extent provided by 42 C.F.R. Part 415, Subpart B, and the Provider Reimbursement Manual, Part 1, § 2109.

(18-19) The allegations of paragraphs 18 and 19 constitute conclusions of law to which answers are not at this time required. Consequently, defendant neither admits nor denies the allegations of these paragraphs.

(20) Defendant admits the first sentence of paragraph 20. The allegations of the second and third sentences of this paragraph constitute conclusions of law to which answers are not at this time required. Consequently, defendant neither admits nor denies the allegations of the second and third sentences.

(21-26) Defendant is without information sufficient to form a belief as to the validity of the allegations contained in paragraphs 21 through 26. Consequently, defendant neither admits nor denies the allegations of these paragraphs.

(27) With respect to paragraph 27, defendant admits that the costs that were disallowed on audit and denied by the PRRB relate exclusively to physician compensation costs. Defendant is without information sufficient to form a belief as to the validity of the remaining allegations of this paragraph. Consequently, defendant neither admits nor denies these remaining allegations.

(28-29) Defendant is without information sufficient to form a belief as to the validity of the allegations of paragraphs 28 and 29. Consequently, defendant neither admits nor denies the allegations of these paragraphs.

(30) Defendant is without information sufficient to form a belief as to the validity of the allegations of the first, second, and third sentences of paragraph 30. Consequently, defendant neither admits nor denies these allegations. Defendant denies the fourth and fifth sentences.

(31-34) Defendant is without information sufficient to form a belief as to the validity of the allegations of paragraphs 31 through 34. Consequently, defendant neither admits nor denies these allegations.

(35) Defendant denies the first sentence of this paragraph. Defendant is without information sufficient to form a believe as to the validity of the second sentence. Consequently, defendant neither admits nor denies the second sentence. Defendant denies the third sentence.

(36) Defendant denies the first and second sentences of paragraph 36. With respect to the third sentence of this paragraph, defendant admits that plaintiff did not operate a formal emergency room. Defendant denies the remaining allegations of the third sentence. Defendant is without information sufficient to form a belief as to the validity of the fourth sentence. Consequently, defendant neither admits nor denies the fourth sentence. Defendant denies the fifth and sixth sentences.

(37-39) Defendant is without information sufficient to form a belief as to the validity of the allegations contained in paragraphs 37 through 39. Consequently, defendant neither admits nor denies these allegations.

(40) Denied.

(41) Defendant admits the first and second sentences of paragraph 41. Defendant denies the third sentence.

(42) With respect to paragraph 42, defendant is without information sufficient to form a belief as to the validity of plaintiff's allegation that its physician availability costs were incurred in connection with a licensure requirement. Consequently, defendant neither admits nor denies this allegation. Defendant admits the remaining allegations of this paragraph.

(43) With respect to paragraph 43, defendant denies that all of the facts set forth in paragraphs 20 through 40 of the complaint have been established. Defendant admits the remaining allegations of this paragraph.

(44) Defendant admits the first and second sentences of paragraph 44. Defendant denies the third sentence. Defendant admits the fourth sentence. With respect to the fifth sentence, defendant is without information sufficient to form a belief as to the validity of the allegation that the hospital's physician availability costs were incurred in connection with a licensure requirement. Consequently, defendant neither admits nor denies this allegation. Defendant admits the remaining allegations of the fifth sentence.

(45) Admitted.

(46) With respect to paragraph 46, defendant admits that the Board's decision is reviewable under 42 U.S.C. § 1395oo(f). Defendant denies the remaining allegations of this paragraph.

(47) Defendant repeats his previous responses to paragraphs 1 through 46.

(48) Denied.

## General Response

The Board's decision affirming the intermediary's disallowance of the physician availability costs claimed by plaintiff for its 1997, 1998, and 1999 cost years is supported by substantial evidence contained in the administrative record. Moreover, the Board's decision is not arbitrary and capricious, based on an abuse of discretion, or otherwise not in accordance with the law. Accordingly, pursuant to 42 U.S.C. § 1395oo(f)(1), the Board's decision should be affirmed.

Defendant files as part of his answer a certified copy of the administrative record of the agency proceedings under review.

WHEREFORE, defendant prays that a judgment be entered dismissing the complaint in accordance with 42 U.S.C. § 1395oo(f)(1).

Respectfully submitted,

TOMMY G. THOMPSON, Secretary of Health and Human Services

By His Attorney:

MICHAEL J. SULLIVAN
United States Attorney

Of Counsel:　　　　　　　　By:　　/s/ Eugenia M. Carris
Clifford M. Pierce　　　　　　　　　　Eugenia M. Carris
Asst. Regional Counsel　　　　　　　Gina Y. Walcott-Torres
Dept. of Health and　　　　　　　　Assistant U.S. Attorney
Human Services　　　　　　　　　　John J. Moakley Federal Court
J.F.K. Bldg., Rm. 2250　　　　　　　1 Courthouse Way, Suite 9200
Boston, MA  02203　　　　　　　　Boston, MA  02210
(617) 565-2379　　　　　　　　　　(617)748-3100

## CERTIFICATE OF SERVICE

I certify that on March 25, 2004, I caused a true copy of the above document and administrative record to be sent by first-class mail to Carolyn Jacoby Gabbay, Esq., Nixon Peabody LLP, 101 Federal Street, Boston, MA 02110.

/s/ Eugenia M. Carris
Eugenia M. Carris

Dated: March 25, 2004



U.S. Department of Justice

**Michael J. Sullivan**
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*
*Facsimile (617) 748-3969*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

March 25, 2004

**BY HAND**
Zita Lovett, Courtroom Deputy to the
Honorable Joseph L. Tauro
United States District Court
1 Courthouse Way
Boston, MA 02210

    Re:    Bournewood Hospital v. Tommy G. Thompson, Secretary of the U.S. Department
           of Health and Human Services
           CA: 04-CV-10149-JLT

Dear Ms. Lovett:

      Enclosed for filing and docketing, please find the government's Answer and certified copy of the Administrative Record in the above-referenced case. Please ensure that Assistant United States Attorney Gina Y. Walcott-Torres also receives electronic notifications in this case. Thank you for your attention to this matter.

                            Very truly yours,

                            MICHAEL J. SULLIVAN
                            United States Attorney

              By:            
                            Eugenia M. Carris
                            Assistant U.S. Attorney

EMC/jc
Enclosures
cc:    Carolyn Jacoby Gabbay, Esq. (*with enclosures*)